No. 10,984.

MINCHEW *v.* WEST.

Decided November 2, 1925. Rehearing denied November 23, 1925.

Action for conversion of corporate stock. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* When the evidence is conflicting, findings of fact by the trial court will not be disturbed on review.

2. CONVERSION—*Defined.* Where there is a distinct, unauthorized act of dominion or ownership exercised by one party over the personal property of another, it constitutes a conversion.

3. *Value of Property—Proof.* In an action for conversion of corporate stock, fixing the value as of the supposed date of conversion, which is in dispute, held not prejudicial in light of the fact that the market value remained practically the same for a long period at about the time of the conversion.

4. JUDGMENT—*Amount.* In an action for the conversion of corporate stock, defendant may not complain of the amount of the judgment against him, where he fails to take advantage of the opportunity given by the court to produce further testimony as to the value of the property converted.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. DANFORTH & KAVANAGH, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Mr. PAUL P. PROSSER, Mr. ROBERT E. MORE, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

WEST, plaintiff in the trial court and now defendant in

error, got judgment for $20,910.00 against Minchew for the conversion of certain corporate stock. Minchew brings error.

On trial to the court, it found the issues in favor of the plaintiff on his two causes of action, and also found: "That there was a conversion of the stock, as charged by the plaintiff, in each cause of action; that the stock so converted was owned by the plaintiff and that the defendant had no right, title or interest therein; that the par value of the stock, on the date of the conversion, and the market value thereof, and the price at which the stock was selling at that time, was $10.00 a share; that the number of shares so converted was 2,091, and that the plaintiff is therefore entitled to a judgment in the sum of $20,910.00, the interest thereon having been waived by the plaintiff in the suit".

The parties will be hereafter referred to in accordance with their alignment in the trial court.

The defendant says that the findings are manifestly against the weight of the evidence, but the record does not sustain this contention. He also points to the fact that some of the evidence is documentary, which is true, but as the essential documentary evidence tends largely to add support to the findings as to the conversion, defendant's argument is not aided by reference to the exception of documentary evidence from the usual presumption in favor of the findings of the trial court. There is nothing to bring this case within any exception to the general rule that when the evidence is conflicting, the findings of fact by the trial court will not be disturbed.

The corporate stock that the court found the plaintiff owned and that defendant had converted to his own use was in two blocks, one represented by a certificate for 1150 shares and the other by a certificate for 941 shares. Defendant contends that there could be no conversion of the latter because plaintiff had not endorsed nor assigned the certificate, and that therefore it could not be transferred to any one. The answer to this is that defendant converted it without any such assignment. He

was an officer of the company; he took the certificate and then had the stub of the certificate marked "Cancelled in office", and "Not issued". When so cancelled, defendant had the stock issued to another person and finally to his own sister. The plaintiff was wholly deprived of its use. There was a distinct, unauthorized act of dominion or ownership exercised by defendant over the personal property belonging to plaintiff, and as such it constituted a conversion by defendant. *Lininger Implement Co. v. Queen City Foundry Co.*, 73 Colo. 412, 416, 216 Pac. 527, 529.

The defendant, in taking it upon himself to dispense with the customary formality of obtaining plaintiff's signature to the latter's stock certificate, and in inventing an expedient of his own to get the stock without the owner's signature, committed an unlawful act. It gave birth to no right in favor of the wrongdoer, and it led him nowhere except to the place of duty imposed upon him by law to pay for his improper acquisition.

Defendant further complains that there was no proof of the value of the stock at the time of the alleged conversion, or that the proof was insufficient, referring particularly to a date mentioned by the court in interrogating the parties, which date was supposedly the date of the conversion, but which defendant disputes. The reference to this particular date, however, was not harmful to defendant in the light of the fact that the value of the stock was the same then as it was when he took it, its value remaining the same without substantial fluctuation for a long time, as shown by other proof. We think the proof was sufficient.

Defendant himself may have been in a large measure responsible for the size of the judgment. After the proof had been offered and before final judgment, the court adjourned with the understanding that the defendant should appear on the following day and give further testimony, or show, if he could, why the value of the stock that had been proven should not be the criterion of dam-

ages.  Defendant, without notifying either his counsel or the court left town that night.  The court, with great patience and tolerance, continued the case for ten days or more, but defendant had gone on a three months' trip and could not be reached by wire.  The court remarked: "It seems to me to be a case where the court is trying to do something for the defendant and the defendant seems to have assumed an attitude of indifference".  Defendant appears to have had a wholly inadequate conception of the importance of the court's time in the discharge of its many duties.  The court had no alternative but to order judgment for plaintiff on the evidence that had been submitted and that was sufficient, and defendant cannot under the circumstances blame either his counsel or the court for the result.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.